IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| KEVIN MILAZZO, #1385992 | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:11CV350 |
| SGT LEONARD D. YOUNG, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Milazzo, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit under 42 U.S.C. § 1983. The complaint was assigned to the undersigned pursuant to 28 U.S.C. § 636(c).

On February 3, 2012, Plaintiff filed a Motion for Declaratory Judgment (docket entry #40). He is unclear as to precisely what he seeks as the subject of a declaratory judgment, however. His motion recites the statutory basis for declaratory judgment; asserts that abstention doctrines and other statutory bars do not apply; contends that the Court cannot "decline to entertainment declaratory judg[]ment action as a matter of whims, or personal disinclination"; and further asserts that he need not show irreparable injury to obtain declaratory judgment. *See* Motion at 1-2. However, he does not state what he seeks beyond the following statement in his "Prayer for Relief":

> Wherefore, premises are considered, Plaintiff pray that this Court will grant his motion for declaratory judg[]ment on the excessive use of force claim, and the retaliation claim, and the assault and battery claim: to schedu[le] all claims for trial on the merits of his complaint against all defendants, to include municipality liability.

*Id*. at 2.

The Declaratory Judgment Act states in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

*See* 28 U.S.C. § 2201(a) (inapplicable exceptions omitted). The statute uses permissive, not mandatory, language. *American Federation of State, County, and Mun. Employees, Local 59 v. El Paso City/County Health District*, 198 F.3d 240, 1999 WL 824479, at *3 (5th Cir. 1999). "The district court has broad discretion to grant (or decline to grant) declaratory judgment." *Winton v. Seven Falls Co.*, 41 F.3d 934, 935 (5th Cir. 1994) (citing *Torch, Inc., v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)), *aff'd*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). Decisions of the district court will be reviewed under the abuse of discretion standard. *Id*. (citing *Rowan Cos. v. Griffin*, 876 F.2d 26, 29 (5th Cir. 1989)).

Here, Plaintiff does not state what "rights and other legal relations" he seeks with regard to the Defendants. Furthermore, he has not stated any basis in either fact or law to support any form of declaratory judgment. In effect, he simply asks the Court to grant him undefined declaratory judgment against "all Defendants." Motion at 2. In so doing, he appears to ignore that all Defendants with the exception of one, Sergeant Young, have been dismissed from this action and that his claim is being allowed to go forward against that remaining Defendant on the issue of excessive use of force and retaliation only. There is no claim for "assault and battery" or "municipality liability." None of his allegations in his motion provide any basis for making a finding against Sergeant Young on these remaining claims. He has therefore failed to state a claim or which declaratory judgment relief may be granted and his motion will therefore be denied. *See Price v.*

*Interstate Mgmt. Co.*, 2012 WL 283020, at *1 (5th Cir. Feb. 1, 2012) (per curiam). Plaintiff's case will be set for trial in due course unless a party successfully moves for summary judgment or another valid basis for a final judgment.

It is accordingly

**ORDERED** that Plaintiff's Motion for Declaratory Judgment (docket entry #40) is hereby **DENIED**.

So **ORDERED** and **SIGNED** this 22 day of **February, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE