IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KEVIN MILAZZO, #1385992 | § | |
| VS. | § | CIVIL ACTION NO. 6:11CV350 |
| SGT LEONARD D. YOUNG, ET AL. | § | |

### MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

On July 6, 2011, Petitioner, proceeding *pro se* and *in forma pauperis*, filed the instant civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was assigned for all purposes to Magistrate Judge Judith K. Guthrie with the consent of the parties pursuant to 28 U.S.C. § 636(c).

On April 9, 2012, Defendant Leonard D. Young filed a Motion for Summary Judgment (MSJ) pursuant to the Court's Order to Answer and Scheduling Order. The MSJ was limited to the subject of exhaustion of administrative remedies and asserted that Plaintiff had not exhausted his remedies under the two-step grievance procedure required within the Texas Department of Criminal Justice (TDCJ). *See Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); TDCJ Offender Orientation Handbook, § VI.B. Defendant affirmatively raised this defense and argued it in his MSJ, supported with certain grievance forms that Plaintiff had filed while imprisoned in the Coffield Unit of TDCJ.

The Court denied Defendant's MSJ because other grievance forms filed by Plaintiff, which had been submitted by TDCJ itself during an earlier evidentiary hearing conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), showed that he had raised the issues of his complaint in the grievance process. *See* Memorandum Opinion and Order dated May 2, 2012

1

(docket entry #50). Therefore, a "genuine dispute as to any material fact" had been created as to Defendant's MSJ. *See* Fed. R. Civ. P. 56(a); *VRV Development L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 455 (5th Cir. 2011).

For that reason, the MSJ on exhaustion was denied and Plaintiff's lawsuit allowed to proceed, even though Plaintiff had not filed any opposition to the MSJ.

Now, Plaintiff has filed a document entitled, "Objection to Magistrate Judge Ruling" (docket entry #56). In it, Plaintiff purports to object to or oppose the Court's ruling on Defendant's MSJ on the subject of exhaustion, although the ruling was wholly favorable to Plaintiff and allows his lawsuit to proceed. *See* Memorandum Opinion & Order of May 2, 2012 (docket entry #50) Plaintiff's arguments are all predicated on an apparent misperception that the Court granted summary judgment to Defendant Young instead of denying it.

At times, it appears that Plaintiff believes that the Court's Memorandum Opinion and Order is subject to review by a District Judge in a manner similar to the process prescribed under Fed. R. Civ. P. 72. However, this case has been assigned to the undersigned for all purposes pursuant to the consent of both parties and 28 U.S.C. § 636(c). Therefore, review under Rule 72 is not applicable. Instead, the Court will construe Plaintiff's objections as a Motion for Reconsideration.

A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow

purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011) (noting that the Fifth Circuit drew the line at 10 days in *Shepherd* instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1 2009).[1] The alternative, Federal Rule of Civil Procedure 60(b)(6) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: [. . .] (6) any other reason that justifies relief." *Id*.

Here, the Court's Memorandum Opinion and Order denying summary judgment was entered on May 2, 2012. Plaintiff filed his motion for reconsideration on May 18, 2012. That is within 28 days of entry of the order of which he complains and the Court will construe it as a motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e).

The Court notes that as part of his motion, Plaintiff contends that he has "consist[e]ntly"

---

[1] Rule 59(e) was amended in 2009 to extend the time for timely filing from 10 days to 28 days. Although a Fifth Circuit case has not yet explicitly observed the change, district courts within the Fifth Circuit have widely applied it in situations such as this. *See, e.g., Alack v. Jaybar, LLC*, 2011 WL 3626687, at *2 & n.4 (E.D. La. Aug. 17, 2011) (citing *Shepherd*, 372 F.3d at 328 n.1).

requested appointment of counsel in this case, Motion at 1-2, and that he has had no opportunity to conduct discovery, *id*. at 5. However, his sole request for appointment of counsel was on July 22, 2011 (docket entry #6) and his only request for discovery occurred on August 23, 2011 (docket entries #15 and 16). Both were filed before the Court had conducted its screening of this case, including the evidentiary hearing conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) on December 8, 2011, and before Defendant had even been ordered to answer the complaint. Accordingly, both were denied. Plaintiff is not automatically entitled to appointment of counsel in a § 1983 case in any event, unlike when he was a criminal defendant. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) and Plaintiff has not shown that appointment of counsel is necessary in his case. *See Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). Although he recently stated he is no longer allowed access to his prison legal assistant because he is no longer incarcerated, *see* letter at docket entry #49, he nonetheless obtained the help of his prison legal assistant for the purpose of filing the instant Motion for Reconsideration as well as the concurrently-filed constructive Motion for Leave to File an Interlocutory Appeal, which the Court has addressed separately. *See* Motion for Reconsideration at 6 (indicating completion by "next friend amicus curiae by Ivery T. Williams for friend"). As to discovery, the Court's Order to Answer and Scheduling Order (docket entry #34) addresses disclosures by the parties. The docket reflects that Defendant has made his disclosures to Plaintiff accordingly. *See* docket entry #45 dated March 12, 2012. Plaintiff has sought nothing further.

On the merits, Plaintiff contends a number of things and cites a variety of authorities. He seems to argue that *Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001) somehow does not require exhaustion of remedies under 28 U.S.C. § 1997e (*see* Motion at 1); however, clearly, it does. *See id*. at 741 ("Thus, we think that Congress has mandated exhaustion

4

clearly enough, regardless of the relief offered through administrative procedures." (footnote omitted). He also contends that Defendant used his MSJ asserting non-exhaustion as a "stalling tactic." Motion at 2. Even if so, it is a procedure that a party is entitled to use; it propounds a perfectly valid requirement, *i.e.*, that of exhaustion; and it is a vehicle that was explicitly discussed in this Court's Order to Answer and Scheduling Order. Of course, in this case, the Court found that a complete reading of Plaintiff's grievances filed while on the Coffield Unit created a genuine dispute of material fact so as to deny the MSJ.

Plaintiff spends a few paragraphs arguing that he has "alleged a chronology of events from which . . . retaliation" on the part of Defendant has been adequately stated and that this Court has required Defendant to respond to the allegations. Motion at 2. Defendant has done so in an appropriate manner at this stage by filing an answer to the complaint. At this point, of course, Plaintiff has survived one MSJ to press his claims if he can.

He also discusses the standard for summary judgment and that "a factual dispute over [ ] exhaustion must be resolved at trial, not on summ[a]ry judgment motion by the Defendant[ ]. . . ." Motion at 3 (citing *Cain v. Dretke*, 2006 WL 1663728, at *3-4 (S.D. Tex. June 13 ,2006)[2]). However, in that case, the District Court simply held that on the specific facts of that case, which included a dispute of material fact over whether prison officials had responded to or destroyed the plaintiff's grievances, summary judgment would be denied and the case go to trial. *Id*. That does not establish a blanket requirement for all claims of non-exhaustion to be resolved at trial, as Plaintiff here seems to suggest. Here, Plaintiff argues that he did submit appropriate grievances sufficient to exhaust his claims. Motion at 3. If he had read the Court's Memorandum Opinion and

---

[2]  Plaintiff cited the LEXIS version of this case in his motion.

Order of May 2, 2012, more closely, he would know that the Court found that very situation to exist here, and did so on its independent review of the entire record despite the fact that Plaintiff filed no response in opposition to the MSJ at all.

Fortunately for Plaintiff, he has not shown any reason for the Court to alter, amend or reconsider its decision when it **DENIED** Defendant Young's MSJ and allowed Plaintiff's case to **PROCEED**. However, the Court notes that Defendant Young has filed a second MSJ, this one on the merits of Plaintiff's claim, on May 18, 2012 (docket entry #51). Plaintiff is encouraged to pay closer attention to this latest MSJ and to file a timely response if he wishes to oppose it.

It is accordingly

**ORDERED** that Plaintiff's constructive Motion for Reconsideration (docket entry #56) is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **21** day of **May, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE