IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KEVIN MILAZZO, #1385992 | § | |
| VS. | § | CIVIL ACTION NO. 6:11CV350 |
| SGT LEONARD D. YOUNG, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Milazzo, a former Texas state prisoner, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit under 42 U.S.C. § 1983. The complaint was assigned to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c). Plaintiff complained of violations of his First and Eighth Amendment rights to pursue a grievance without retaliation and to be free of the excessive use of force, by the Defendant who at the pertinent time was a guard at the prison unit in which Plaintiff had been incarcerated. He was released from prison after he filed his complaint and had appeared in person for an evidentiary hearing conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), on December 8, 2011, in the Courtroom of the undersigned at the federal courthouse in Tyler, Texas.

By Order issued on April 4, 2013 (docket entry #87), the Court set a Pre-Trial Conference to take place in the same Courtroom before the undersigned on June 17, 2013, at 2:00 p.m. By the same Order, Jury Selection and Trial was set to commence the following morning, June 18, 2013, at 9:00 a.m., at the same location. The Order was promptly mailed to Plaintiff at his address of record in Corsicana, Texas, along with an acknowledgment card. The Order was received and the

acknowledgment card signed and returned to the Court on April 10, 2013, by "H. Milazzo" on behalf of Plaintiff Kevin Milazzo at his address of record. Since that time, Plaintiff continued to make filings pertinent to his lawsuit.

By various Orders, the Court directed the presence of witnesses, including a prisoner identified by Plaintiff who was present for some part of the incident involving the Defendant; and a number of Defendants' witnesses. Importantly, a pool of prospective jurors were also directed to be present for jury selection at trial.

At the ordered time, date and place, the Court convened the Pre-Trial Conference as related above. Defendant was represented by two Texas state Assistant Attorneys General, who were present and prepared for the conference and for trial. Also present were a number of Court staff required for the proceeding. However, Plaintiff failed to appear and, further, failed to communicate in any way with the Court. The Court continued the hearing until later in the afternoon, on the possibility that Plaintiff was simply late, to no avail. At no time did Plaintiff attempt to contact the Court, seek a continuance or otherwise indicate any problem with attendance at the Pre-Trial Conference, either on the date of the conference or at any time beforehand.

The Court ultimately convened the Pre-Trial Conference at 3:00 p.m. on the date indicated and officially noted Plaintiff's absence for the record. Counsel for Defendant then made a verbal motion to dismiss the action pursuant to Fed. R. Civ. P. 41 for want of prosecution.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (*per curiam*); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in

whether the Court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243, 248 (5th Cir. 1979) (in special concurrence); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980). In this case, as indicated above, the Defendant, by counsel, made such a motion. Nonetheless, dismissal would be appropriate on the Court's own motion as well.

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures, prior to dismissing a case with prejudice. *Id.* at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id.*

A dismissal with prejudice is appropriate if the "case discloses both a clear record of delay or contumacious conduct by the plaintiff, and that a lesser sanction would not better serve the best interests of justice." *Sampson v. Giles*, 410 Fed. Appx. 823, 824-25 (5th Cir. 2011) (per curiam) (quoting *McNeal*, 842 F.2d at 790). The Fifth Circuit has established that proof of one of the following aggravating factors constitutes justification for dismissal with prejudice: "(1) the plaintiff's personal contribution to the delay, (2) the defendant's actual prejudice because of the delay; and (3) delay that can be characterized as intentional." *See McNeal*, 842 at 790.

First, here, Plaintiff not only contributed to the disruption and delay of proceedings, but he personally caused it by failing to appear as ordered. It is beyond question that he was aware of the schedule and the requirement to appear for the Pre-Trial Conference, during which a number of issues had to be resolved before trial could proceed.[1] He sought a trial in this matter; he provided the Court with his address of record in Corsicana, Texas, from which he filed certain pleadings in this case, as recently as two weeks prior to the trial date, and at which he received notice of the Pre-Trial Conference and Trial on April 10, 2013, acknowledged on his behalf by H. Milazzo. He did not seek a continuance of the conference and did not communicate with the Court in any way on the day of the conference or at any time beforehand. Plaintiff was proceeding *pro se* and, therefore, his absence cannot be attributed to some act or omission of counsel. Accordingly, the delay and disruption can only be attributed to Plaintiff personally. *See McNeal*, 842 at 790.

Second, aside from the disruption in the Court's own schedule, two attorneys from the Texas Office of the Attorney General traveled from Austin, Texas, to appear. Although no jurors were scheduled to be present on the day of the Pre-Trial Conference, nonetheless an entire jury pool was summoned to be present the following morning and therefore had to interrupt their own lives, routines and schedules in order to be prepared to do so. At least some prejudice attached to Defendant and, of course, the prospective jurors inasmuch as the long-scheduled trial would not be able to commence as set on June 18 without the determination of issues that were to have been raised at the Pre-Trial Conference. *Id*.

Third, under the circumstances detailed above, and the inescapable fact that Plaintiff was

---

[1] Including approval of the overall conduct of the trial; approval and pre-admission of exhibit lists; review of witnesses; review and approval of anticipated jury instructions; submission and approval of motions *in limine*; and other matters necessary prior to commencement of trial.

fully aware of the set schedule and had even appeared personally before the Court in this case before and therefore knows the location of the courthouse, Plaintiff's failure to appear can only be characterized as intentional. *Id*.

"Lesser sanctions include 'assessments of fines, costs, or damages against the plaintiff . . ., conditional dismissal, dismissal without prejudice, and explicit warnings.'" *Lewis v. Sheriff's Dept. Bossier Parish*, 478 Fed. Appx. 809, 818 (5th Cir. 2012) (per curiam) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)), *cert. denied*, 133 S. Ct. 865, 184 L. Ed. 2d 678 *and reh'g denied*, 133 S. Ct. 1627, 185 L. Ed. 2d 610 (2013). A sanction less than dismissal would be futile. Plaintiff is proceeding *in forma pauperis* and a monetary sanction would be fruitless. Therefore, the Court may exercise its discretion in dismissing this matter. It is accordingly

**ORDERED** that Defendant's verbal Motion to Dismiss is hereby **GRANTED** and the complaint is hereby **DISMISSED WITH PREJUDICE** for failure to prosecute and failure to obey an order. Fed. R. Civ. P. 41(b); Rule 41, Local Rules for the Eastern District of Texas; *McNeal*, 842 F.2d at 790; *Sampson*, 410 Fed. Appx. at 824-25. It is further

**ORDERED** that any motion not already ruled upon is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **18** day of **June, 2013.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE